# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIAM R. MORISSE,<br><br>              Plaintiff,<br>v.<br><br>PRESIDENT JIMMY CARTER,<br>PRESIDENT RONALD REAGAN,<br>PRESIDENT WILLIAM J. CLINTON,<br>PRESIDENT GEORGE BUSH, SR.,<br>PRESIDENT GEORGE W. BUSH,<br>PRESIDENT BARACK OBAMA, and<br>MILWAUKEE OUTLAWS,<br><br>              Defendants. | Case No. 17-CV-1359-JPS<br><br><br><br>**ORDER** |

        Plaintiff William R. Morisse ("Morisse"), proceeding *pro se*, filed a complaint in this matter and a petition for leave to proceed *in forma pauperis*. (Docket #2). In order to allow a plaintiff to proceed without paying the filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit is frivolous. 28 U.S.C. §§ 1915(a), (e)(2)(B)(I).

        On the first question, Plaintiff avers that he is unmarried and has no dependents. (Docket #2 at 1). He appears to earn $1,350 per month in Social Security supplemental income. *Id.* at 2. He claims his expenses include $1,350 per month in rent and $15 in other household expenses. *Id.* at 2–3. While Plaintiff's motion is somewhat incoherent, because it appears that his expenses exceed his income, and because the case must be dismissed on other grounds in any event, the Court finds that Plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

However, notwithstanding any filing fee, the Court must dismiss a complaint or portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff's 40-page complaint is, put generously, hard to parse. Realistically, it is no more than a series of incoherent, paranoid, fantastical ramblings. Much of the complaint consists of Plaintiff copying down irrelevant federal and local rules. *See, e.g.*, (Docket #1 at 6–11). On substance, Plaintiff's range of topics varies wildly from one sentence to the next. In one instance, he appears to claim that he was raped by a woman—who appears to be his ex-wife—thirty-four years ago, which he asserts was a violation of his rights under the Fourteenth Amendment. *Id.* at 16. The next paragraph alleges that Plaintiff was harassed and threatened by the Outlaws biker gang five years ago. *Id.* at 16–17. Later on, he claims that former President Barack Obama would not allow him to declare bankruptcy despite his mounting debts. *Id.* at 17.

He then returns to the matter of his ex-wife, whom he alleges would turn invisible and "hold a battery up to my nose," making him ill. *Id.* at 17–19. Indeed, he claims to have so many deleterious health conditions that, as one item of relief, he requests that he be given a new, 21-year-old human body to inhabit. *Id.* at 2, 19. Plaintiff next contends that the Outlaws gang and the other Defendants—all former Presidents of the United States—have stolen his identity and burglarized his apartment. *Id.* at 23–24. He appears especially angry with President Obama, whom he claims not only prevented him from declaring bankruptcy but also "took the top of my skull off and imparted a prob[e] reader," which would transmit a signal to some unidentified person for an unknown reason. *Id.* at 31.

The Court need not catalog the remainder of the complaint's allegations. This snapshot suffices to show that it is unintelligible. Courts may dismiss claims based on allegations that are "obviously and knowingly false." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002);

*Edwards v. Snyder*, 478 F.3d 827, 829–30 (7th Cir. 2007). Moreover, a suit may be dismissed "because the facts alleged are so. . .unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney*, 302 F.3d at 774. "[N]o evidentiary hearing is required in a prisoner's case (or anyone else's, for that matter) when the factual allegations are incredible." *Id.* Plaintiff's allegations are undoubtedly fantastic, delusional, and indecipherable. *Denton*, 504 U.S. at 32–33. Consequently, this case may not proceed. *Gladney*, 302 F.3d at 775 ("[A] frivolous suit does not engage the jurisdiction of the district court.").

Moreover, this is not Plaintiff's first foray into such deliria. He has made nearly identical claims in two prior cases in this Court, and each case was summarily dismissed. *See Morisse v. Obama*, 15-CV-1427-LA (E.D. Wis.); *Morisse v. Clinton*, 16-CV-87-JPS (E.D. Wis.). In a case involving an inmate's paranoid fears of a prison-wide conspiracy to murder him, the Seventh Circuit held that a district court was "entitled to draw upon its familiarity with [the litigant's] prior meritless litigation (again describing sprawling conspiracies) to conclude that his complaint consisted only of 'claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Walton v. Walker*, 364 F. App'x 256, 257 (7th Cir. 2010) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). So too, here, it should come as no surprise to Plaintiff that his preposterous claims about invisible people and Presidents breaking and entering his home should be rejected yet again.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bona fide arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of October, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge